IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFFREY NEAMAND, individually and as parent and natural guardian of M.N., a minor,**<br><br>Plaintiffs,<br><br>*v.*<br><br>**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**,<br><br>Defendant. | CIVIL ACTION<br><br>NO. 22-1370-KSM |

## MEMORANDUM

**MARSTON, J.**                                                                            December 1, 2022

Jeffrey Neamand, individually, and on behalf of his minor child, M.N., has sued his insurer, Defendant State Farm Mutual Automobile Insurance Company, for breach of contract and bad faith. (Doc. No. 1.) In the Complaint, Plaintiffs sought damages for injuries Mr. Neamand and M.N. sustained as a result of a car crash. (*Id.*) Before the Court is Plaintiffs' unopposed Petition for Leave to Compromise Minor's Action. (Doc. No. 20.) The Court held a hearing on November 29, 2022 (Doc. No. 24), and Plaintiffs filed a Supplement to the Petition on December 1 (Doc. No. 24). For the reasons below, the Court will grant the Petition.

### I.   *Background*

On April 11, 2021, a tortfeasor made an unsafe left-hand turn in front of Plaintiffs and another vehicle and ultimately struck both vehicles. (Doc. No. 20 at ¶ 4.) M.N.[1] received

---

[1] M.N. is currently fifteen years old; she was fourteen at the time of the accident. (*See id.* at ¶ 2.) Before the accident, she participated in cheerleading with her school and was on a competitive cheerleading squad. (*Id.* at ¶ 10.)

injuries to her head, back, neck, shoulder, and lower back as a result of the accident. (*Id.* at ¶ 5.) M.N. was evaluated by the Doylestown Emergency Room and diagnosed with a concussion. (*Id.* at ¶ 6.) M.N. was also evaluated by Dr. Grabowski, her primary care physician, as well as Dr. Brady, a chiropractor. (*Id.* at ¶¶ 7–8.) M.N. was referred to a neurologist, Dr. Shah, who put M.N. out of cheering due to her concussion. (*Id.* at ¶ 10.) M.N. and her father both received massage therapy. (*Id.* at ¶ 9.) M.N. has fully recovered from all injuries and suffers no long-lasting effects. (Doc. No. 20 at 5.)

M.N. and her father settled with the tortfeasor for $7,500 each, and then pursued the instant action with Defendant, alleging that Defendant did not provide them the underinsured motorist ("UIM") coverage required by their policy. (*Id.* at ¶¶ 11–13; Compl. at ¶¶ 14–22.) Defendant stipulated to liability and the only issue at arbitration was damages. (Doc. No. 20, Ex. E at ¶ 11.) On October 19, 2022, a binding arbitration award was entered in favor of M.N. and her father. (Doc. No. 20 at ¶ 14.) M.N. was awarded $50,000 and Mr. Neamand was awarded $37,500. (*Id.*) Originally, Plaintiffs petitioned the Court to approve the $50,000 arbitration award to M.N., which they referred to as the "proposed settlement." (*See generally id.*)

However, during the November 29 hearing before the Court, counsel for both parties clarified that the $7,500 that M.N. and her father each previously recovered from their settlement with the tortfeasor should be subtracted from the respective amounts they were awarded at arbitration. In other words, Defendant has already issued Mr. Neamand a check for $30,000 ($37,500 - $7,500) and Plaintiffs now request that the Court approve an award for M.N. in the amount of $42,500 ($50,000 - $7,500).

Plaintiff's counsel incurred expenses of $1,071.80 for medical report fees associated with M.N.'s UIM claim. (Doc. No. 24-2 at 2; *see also* Doc. No. 20, Ex. G.) Plaintiff's counsel also

2

seeks reimbursement of these fees.  Plaintiff's counsel was retained upon a 25 percent fee agreement for his representation of M.N. and her father.  (Doc. No. 24-4 ("This agreement is made between the Clients, Jeffrey Neamand and [M.N.], minor, referred to as 'You,' and STARK & STARK. . . . You agree to pay attorneys' fees from the total amount recovered from any source . . . on the following basis: 25% of the total or gross sum recovered.").)[2]

In the Supplement, Plaintiff proposed the following distribution of the $42,500 award:

| Attorneys' Fees to Counsel | $10,625 |
| Costs Counsel Advanced | $1,071.80 |
| Balance Due to M.N. | $30,803.20 |

(Doc. No. 24-1.)  In short, the proposed net amount M.N. will receive, after subtracting attorneys' fees, costs, and expenses from her award, is $30,803.20.  (*Id.*)

## II.    Discussion

### A.    The Arbitration Award

"No claim of a minor . . . in which a minor . . . has an interest shall be compromised, settled, or dismissed unless approved by the court."  E.D. Pa. Local R. 41.2(a).  In determining whether to approve a settlement[3] made on behalf of a minor, a court must assess "whether the settlement amount is fair and in the best interests of the minor."  *Henderson ex rel. Bethea v.*

---

[2] Plaintiffs' counsel has already recovered its attorneys' fee award from Mr. Neamand.  (*See* Doc. No. 24-3 at 2 (showing that 25% of Mr. Neamand's $30,000 award—$7,500—was taken out of his disbursement).)  Stark & Stark won a total of $72,500 for Plaintiffs ($42,500 for M.N. and $30,000 for Mr. Neamand); in turn, 25% of the total award is $18,125 ($72,500 x 0.25).  Because the fee agreement provides that Stark & Stark is entitled to 25% of the total amount recovered on behalf of M.N. and her father, the Court finds it appropriate that Stark & Stark is seeking to recover 25% (or $10,6235) from M.N.'s award, even though it is has already recovered 25% (or $7,500) from her father's award.

[3] The Court cites to cases in the settlement context, because the parties refer to the $42,500 arbitration award as a "proposed settlement" and because settlements, dismissals, and compromises of a minor's action all fall within the same ambit of Local Civil Rule 41.2(a).

*Nationwide Mut. Ins. Co.*, No. 00–1215, 2001 WL 43648, at *3 (E.D. Pa. Jan. 4, 2001). A court must consider the parties' petition for approval of the settlement, which "should include all relevant facts and the reasons why the minor's guardian believes the settlement is desirable and why it is in the minor's best interest to settle the action." *Lee v. Victoria's Secret, LLC*, Civil Action No. 10–3662, 2012 WL 628015, at *2 (E.D. Pa. Feb. 27, 2012). "Relevant facts include 'a description of the minor's physical and/or psychological condition, a statement and/or discussion regarding the minor's current physical and/or mental health needs, evidence of the extent of the minor's condition, and the need for future medical and/or psychological care, as well as future expenses.'" *Id.* (quoting *Johnson v. Clearfield Area Sch. Dist.*, 319 F. Supp. 2d 583, 587 (W.D. Pa. 2004)). "Courts should give 'considerable weight' to the judgment of the parties and counsel, as they are 'typically in the best position to evaluate the settlement.'" *Id.* (quoting *Henderson*, 2001 WL 43648, at *2).

Here, M.N. suffered a concussion and injuries to her head, back, neck, shoulder, and lower back but has fully recovered and suffers no long-lasting effects.[4] The Court finds that the proposed settlement award is reasonable, as M.N.'s full recovery means that she will not require any future medical care for these injuries. M.N.'s father and counsel agree that the $42,500 "proposed settlement" is in M.N.'s best interest, and considering the circumstances of the case, the Court agrees—the proposed settlement amount is fair and in M.N.'s best interests.

### B.   Attorneys' Fees

Likewise, "[n]o distribution of proceeds shall be made out of any fund obtained for a minor . . . as a result of a compromise, settlement, dismissal or judgment unless approved by the

---

[4] During the hearing, Mrs. Neamand testified that M.N. has only recently returned to her normal self. The Court finds Mrs. Neamand's testimony regarding M.N.'s injuries was exaggerated as the evidence shows that M.N. returned to cheering in July 2021 (even before she was medically cleared in August 2021).

court." E.D. Pa. Local R. 41.2(b). Further, "[n]o counsel fee . . . shall be paid out of any fund obtained for a minor . . . as a result of a compromise, settlement, dismissal or judgment unless approved by the court." E.D. Pa. Local R. 41.2(c). "There is no question that competent attorneys should be compensated for their services," and attorneys who work on contingency fees run a risk by accepting cases without any guarantee of payment; however, a court has discretion to adjust the amount of counsel fees to be paid out of a settlement fund for a minor, even when a contingency arrangement is in place. *See Lee*, 2012 WL 628015, at *3; *Nice v. Centennial Area Sch. Dist.*, 98 F. Supp. 2d 665, 670 (E.D. Pa. 2000).

In determining the reasonableness of the attorneys' fees, the court must consider the lodestar amount set by the court of common pleas in the county with jurisdiction over the minor. *Nice*, 98 F. Supp. 2d at 670; *see also Lee*, 2012 WL 628015, at *4 ("The first step . . . is to determine 'whether the court of common pleas in the county with jurisdiction over the minor has adopted a presumptive lodestar for fees involving the settlement of a minor's claims.' (citation omitted)). M.N. lives in Bucks County, so the following requirements govern:

> A petition for minor's compromise, settlement, or discontinuance shall include . . . substantial justification for any counsel fee (other than reimbursement for expenses) in excess of twenty-five percent of the gross recovery attributed to the minor.

Bucks Cty. (Pa.) Local R. 2039(b)(1). Where a presumptive lodestar exists, the court "may adjust that lodestar depending on the effectiveness of the counsel's performance under the circumstances." *Lee*, 2012 WL 628015, at *4. The Court should consider the following factors in determining whether to adjust the lodestar:

> (1) the amount of work performed;
>
> (2) the character of the services rendered;
>
> (3) the difficulty of problems involved;

5

> (4) the importance of the litigation;
>
> (5) the degree of responsibility incurred;
>
> (6) whether the fund involved was "created" by the attorney;
>
> (7) the professional skill and standing of the attorney in her profession;
>
> (8) the result the attorney was able to obtain;
>
> (9) the ability of the client to pay a reasonable fee for the services rendered; and
>
> (10) "very importantly," the amount of money in question.

*Johnson*, 319 F. Supp. 2d at 590–91 (citing *Nice*, 98 F. Supp. 2d at 671).

Here, the presumptive lodestar is 25% and Plaintiffs' counsel seeks 25% of M.N.'s $42,500 award ($10,625). Given that Plaintiffs' counsel does not seek an upward adjustment of the lodestar, the Court finds it unnecessary to consider the factors. But, even considering those factors, the Court concludes that an attorneys' fee award of 25% is appropriate. Plaintiffs' counsel filed the lawsuit on behalf of Plaintiff and M.N. and arbitrated the damages in this case (liability was not contested), winning a fair and reasonable award for M.N. Plaintiffs' counsel spent approximately ten months working on this case, which included settlement negotiations with Defendant both before and after filing this case in federal court and preparing the instant petition. (*See* Doc. No. 24-5 at 2–3.) In addition, Plaintiffs' lead counsel, R. Tyler Tomlinson, Esq., has been a practicing attorney for 27 years and has exclusively practiced personal injury law for the past 16 years. (Doc. No. 24-6 at 2.) Mr. Tomlinson has extensive experience dealing with automobile personal injury cases. (*Id.*) The Court finds the amount of fees requested ($10,625) to be fair and reasonable.

    C.    *Case Expense Reimbursement*

Finally, "[n]o . . . costs or expenses shall be paid out of any fund obtained for a minor . . . as a result of a compromise, settlement, dismissal or judgment unless approved by the court." E.D. Pa. Local R. 41.2(c).  Plaintiff's counsel advanced a small amount of money in expenses ($1,071.80) for medical reports for M.N. and seeks reimbursement.  (Doc. No. 20 at 3; Doc. No. 24-2.)  The Court finds the costs reasonable.

### III. *Conclusion*

For the reasons above, the Court will grant the Petition.  An appropriate Order follows.